IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

QUINCY WILSON                                                                                              PLAINTIFF

V.                                          CIVIL NO. 4:11-cv-04068

DEPUTY WOLCOTT;
DEPUTY RIDLEY;
DEPUTY SIMMONS;
DEPUTY MIKE WILSON;
SUPERVISOR SHARON
HARNED; JAILER GENA RUTH;
and SHERIFF MONTE STRINGFELLOW                                                        DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Quincy Wilson filed this case *pro se* and *in forma pauperis* on July 21, 2011 under 42 U.S.C. § 1983.  ECF No. 1.  Now before the Court is Defendants' second Motion to Dismiss (ECF No. 44).  Plaintiff did not respond to the motion but did file responses to the Court's Show Cause Order with regard to the motion.  ECF No. 46.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.  After careful consideration, the undersigned makes the following Report and Recommendation.

**I.     BACKGROUND**

At the time he filed his Complaint, Plaintiff was an inmate of the Sevier County Detention Center ("SCDC") in DeQueen, Arkansas.  In Plaintiff's Complaint he alleges (1) jailers failed to protect him from other inmates (ECF No. 1, p. 5); (2)  he was placed in the "hole" without drinking water or water in the toilet or sink (ECF No. 1, p. 5);  (3) he was pepper sprayed and the

1

spray caused the skin to peel off his eyelids (ECF No. 1, p. 5); (4) he was strapped to a chair and had an asthma attack (ECF No. 1, p. 6); (5) there is no law library at the SCDC (ECF No. 1, p. 6); (6) he was refused grievance forms (ECF No. 1, p. 6); (7) people spit in his food (ECF No. 1, p. 6); (8) he was refused a doctors visit and medication (ECF No. 1, p. 6); (9) he did not receive a fair criminal trial (ECF No. 5, p. 1; (10) he was locked down for five days without soap, deodorant, toothpaste, toothbrush, showers, bible, pen, and paper (ECF No. 7, p. 1); and (11) the evidence in his criminal trial was insufficient to convict him (ECF No. 8, p. 1). Plaintiff completed and filed a Court prepared Addendum to his Complaint on November 10, 2011 to clarify his claims. ECF No. 13.

In September 2011, the Court received mail sent to Plaintiff at the SCDC returned as undeliverable. Plaintiff did not inform the Court of an address change at this time. On October 18, 2011, the Court learned through its own research that Plaintiff was currently incarcerated in the Craighead County Detention Center ("CCDC"). The Court ordered the Clerk to change Plaintiff's address to the CCDC. ECF No. 11.

On October 28, 2011, the Court entered another change of address for Plaintiff. ECF No. 12. The Court noted in this Order that mail sent to Plaintiff at the CCDC was returned undeliverable and Plaintiff once again failed to submit a notice of change of address. Therefore, the Court ordered the Clerk to change Plaintiff's address to 5811 Southwick Drive, Little Rock, Arkansas—the address Plaintiff provided the CCDC when he was booked. ECF No. 12.

On June 27, 2012, Defendants filed a Motion to Dismiss. ECF No. 30. In the Motion, Defendants state Plaintiff failed to appear at his June 14, 2012 deposition. Defendants mailed Plaintiff written notice of the deposition time and place to 5811 Southwick Drive, Little Rock,

Arkansas. ECF No. 30. Plaintiff failed to respond to the Motion but did respond to the Court's Show Cause Order regarding this Motion to Dismiss. Plaintiff responded that he was incarcerated on June 14, 2012—the day of his scheduled deposition—and he did not prosecute his case at that time because his funds in his jail account where low. ECF No. 35.

On November 9, 2012, the Court, upon its own research, obtained Plaintiff's current address at the Pulaski County Detention Center ("PCDC") and directed the Clerk of the Court to once again change Plaintiff's address of record to the same. ECF No. 32.

On November 14, 2012, Defendants filed a Motion to Take Deposition of Plaintiff at the PCDC. ECF No. 33. On December 3, 2012, Plaintiff filed a Motion to Appoint Counsel. ECF No. 36. On December 5, 2008, the Court granted Defendants' Motion to Take Deposition (ECF No. 38) and denied Plaintiff's Motion to Appoint Counsel (ECF No. 39).

On January 7, 2013, Defendants filed their second Motion to Dismiss. ECF No. 44. In this Motion, Defendants state Plaintiff refused to cooperate in his December 19, 2012 deposition. Plaintiff appeared for the deposition but refused to answer any questions. ECF No. 44. Plaintiff did not respond to Defendants' second Motion to Dismiss. The Court issued an Order to Show Cause why Plaintiff refused to participate in his deposition. ECF No. 45. Plaintiff responded stating he refused to answer questions because he did not have an appointed attorney present. ECF No. 46.

II.   **APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). "A pro se litigant is bound by the litigation rules as is a lawyer, particularly . . . with the

fulfilling of simple requirements of discovery." *See Lindstedt v. City of Granby,* 238 F.3d 933, 937 (8th Cir. 2000). Further, a district court enjoys "wide latitude" in sanctioning parties for failure to comply with discovery rules. *Farnsworth v. City of Kansas City,* 863 F.2d 33, 34 (8th Cir. 1988).

The Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court posses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III.  DISCUSSION

On December 5, 2012, the Court granted Defendants' Motion to Depose Plaintiff stating Defendants had shown good cause for a deposition of Plaintiff. ECF No. 38. Plaintiff then willfully disregarded the Court's Order by refusing to cooperate in the deposition.

The Court is not persuaded by Plaintiff's argument that he refused to participate in the

4

December 19, 2012 deposition because he did not have an appointed attorney. The Court previously determined and notified Plaintiff that he was not entitled to an appointed attorney. On December 5, 2012, after a thorough consideration of the applicable law and Plaintiff's claims, the Court held: "It does not appear that either the facts or the claims in this case are so complex that Plaintiff will be unable to adequately represent himself." ECF No. 39. Therefore, Plaintiff was aware of his responsibility to continue to prosecute this action *pro se* on December 19, 2011 when he refused to cooperate with his deposition. Plaintiff willfully disregarded the Court's Order denying him appointed counsel by refusing to participate in his deposition without appointed counsel. Moreover, Plaintiff has failed to prosecute this case by willfully refusing to participate in discovery with Defendants.

Accordingly, Plaintiff's Complaint should be dismissed with prejudice for willfully disregarding a Court order and failing to prosecute this action. *See* Fed. R. Civ. P. 41(b); *See also Aziz v. Wright,* 34 F.3d 587, 589 (8th Cir. 1994) (affirming district court's dismissal of inmate's complaint, pursuant to Rule 41(b), as sanctions for failing to cooperate in a deposition that was granted by the district court).

Further, the Court notes Plaintiff has continuously failed to comply with the Court's Orders to keep the Court informed of his current address. ECF Nos. 10, 11, 12, 32. This failure also supports dismissal pursuant to Rule 41(b) for failure to comply with Court orders and prosecute this action.

IV.     **CONCLUSION**

For the foregoing reasons, I recommend Defendants' Motion to Dismiss (ECF No. 44) be **GRANTED** and the above styled case be **DISMISSED** with prejudice on the grounds that Plaintiff

has willfully failed to comply with the Court's Orders and prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **19th day of February 2013.**

                                                  /s/ Barry A. Bryant
                                                  HON. BARRY A. BRYANT
                                                  UNITED STATES MAGISTRATE JUDGE