IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

QUINCY WILSON                                                                                          PLAINTIFF

vs.                                           Civil No. 11-cv-4068

DEPUTY WOLCOTT; DEPUTY RIDLEY;
DEPUTY SIMMONS; DEPUTY MIKE
WILSON; SUPERVISOR SHARON HARNED;
JAILER GENA RUTH; and SHERIFF MONTE
STRINGFELLOW                                                                                        DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed February 19, 2013 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 47). Judge Bryant recommends that Defendants' second Motion to Dismiss (ECF No. 44) be granted. Plaintiff has filed an objection. (ECF No. 49). The matter is ripe for the Court's consideration. After reviewing the record *de novo*, the Court finds that Judge Bryant's Report and Recommendation should be adopted in its entirety.

Judge Bryant recommends dismissal for two reasons. First, Plaintiff refused to cooperate in a court-ordered deposition. Plaintiff was present at his deposition, but would not answer questions. Second, he failed to prosecute his case by continually failing to notify the Court of his changes of address. Because Judge Bryant found Plaintiff's conduct to be willful, he recommends dismissing the case with prejudice.

Plaintiff objects to Judge Bryant's report by asserting that he did not know that he was required to participate in his deposition without an attorney. He also objects at length to Judge

Bryant's previous ruling denying Plaintiff's motion for a court-appointed attorney. Unfortunately neither of these assertions is sufficient to overcome dismissal in this case.

The Federal Rules of Civil Procedure contemplate dismissal of a case with prejudice on the grounds that plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b). Indeed, under Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with any court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)).

In this case, Plaintiff knew that he was required to participate in his deposition because the Court ordered him to. (ECF No. 38). He also knew that he was required to participate in the deposition without a court-appointed attorney because the Court had previously denied his motion to appoint counsel. (ECF No. 39). Yet he willfully refused to cooperate. The fact that Plaintiff still desired a court-appointed attorney to assist him in the deposition—even after his motion was denied—does not excuse his intentional behavior. On several occasions, Plaintiff also failed to notify the Court of his changes of address after the Court had ordered him to do so. Such behavior amounts to a clear record of delay and a willful disregard for the Court's orders.

Accordingly, the Court hereby adopts Judge Bryant's Report and Recommendation in full, and Defendants' motion to dismiss (ECF No. 44) should be and hereby is **GRANTED**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 20th day of June, 2013.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge